STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT WAYNE ADAMS, Defendant-Appellant

NO. 6495

NOVEMBER 5, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

*Per Curiam.* The defendant was convicted on three counts of promoting a dangerous drug in the second degree. He appeals from the judgment and sentence of the trial court.

The only issue which merits serious consideration is whether the trial court erred in limiting the time allowed defense counsel to make his closing arguments.

The opportunity for final summation is basic to the right of a defendant in a criminal trial to make his defense, and where he is represented by counsel, a denial of this opportunity deprives the accused of the assistance of counsel. *Herring v. New York*, 422 U. S. 853 (1975). Much latitude, however, is given the trial judge to control the duration and to limit the scope of closing arguments. *Id.* "He may limit counsel to a

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978 and February 28, 1979, respectively. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice.is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

234

reasonable time and may terminate argument when continuation would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects he must have broad discretion." *Id.*, at 862.

The presentation of the evidence in this case consumed slightly over two hours of the proceedings. The State presented three witnesses whose aggregate testimony covered slightly less than two hours. The defense took just fifteen minutes to present its case, which consisted solely of the defendant's testimony. The principal factual issue rested upon the credibility of the witnesses.

The defendant concedes that the thirty minutes in which defense counsel was actually allowed to make his closing arguments would have been reasonable under the circumstances of this case had this limitation been imposed by the court with *advance notice* to defense counsel. His complaint, however, stems from the fact that after twenty-five minutes of final argument the court advised defense counsel that he would have only another five minutes to complete his summation.[1] This limitation was addressed to the sound discretion of the trial court; *see Herring v. New York, supra,* and we are not prepared to find, based on the record before us, that there

---

[1] The trial court, outside the presence of the jury, advised counsel:

THE COURT: Mr. Werth, you have been arguing since 2:47, almost a half an hour on a case that involves a simple issue, and that is the credibility of the witnesses. I'm going to give you five minutes to wrap up your argument, and that is all.

MR. WERTH: Your Honor, I haven't gotten to the main point.

THE COURT: You wasted too much time on stuff that didn't mean anything to the case.

MR. WERTH: I have been—

THE COURT: That may be so but the issue in this case is too simple for you to ramble on and on the way you have been going. I'll give you five minutes to wrap it up.

MR. WERTH: If I could have some notice, not five minutes to effectively argue.

THE COURT: Mr. Werth, before we went on record, at the settling of instructions, you were told to cut out all this rambling.

MR. WERTH: Your Honor, I have been—

THE COURT: Mr. Werth, the court is addressing you.

was a clear abuse of that discretion or that the defendant was prejudiced by the limitation. Certainly, if thirty minutes would have been reasonable with advance notice, defense counsel ought to have been able to present an adequate summation during the total time actually allotted to him. From the record, we are not satisfied that he did not.

Affirmed.

*Marie N. Milks*, Deputy Public Defender for defendant-appellant.

*Glenn M. Miyajima*, Deputy Prosecuting Attorney for plaintiff-appellee.

---

MR. WERTH: Yes, Your Honor. Okay.

THE COURT: The court asked you to cut out this junk from your argument. We have gone through this before in other cases in which you have been involved in. Your arguments are long winded, they range all over the lot and involve things that don't amount to anything in the case. I've instructed you now, I'll give you until 3:20. It is now 3:14 to wrap up your argument.